IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 15, 2005 Session

## TAMMY HOPKINS LINDSAY v. DWIGHT KELLEY LINDSAY

**Appeal from the Circuit Court for Davidson County**
**No. 00D-1778     Carol L. Soloman, Judge**

_____

**No. M2004-02267-COA-R3-CV - Filed January 25, 2006**

_____

This primary issue on appeal is whether Dwight Kelley Lindsay ("Mr. Lindsay") was properly advised of his constitutional right to counsel before being found guilty on twelve counts of criminal contempt for his failure to pay court ordered child support and health insurance reimbursement payments. All parties to this appeal now agree that Mr. Lindsay was not adequately advised of his right to counsel. The judgment of the Trial Court finding Mr. Lindsay in criminal contempt is vacated.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the**
**Circuit Court Vacated; Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and SHARON G. LEE, J., joined.

Tracey Robinson-Coffee, Nashville, Tennessee, for the Appellant Dwight Kelley Lindsay.

Mary Arline Evans and Alan D. Johnson, Nashville, Tennessee, for the Appellee Tammy Hopkins Lindsay.

Paul G. Summers, Attorney General and Reporter, and Stuart F. Wilson-Patton, Senior Counsel, Nashville, Tennessee, for the Appellee State of Tennessee.

# MEMORANDUM OPINION[1]

This appeal involves the Trial Court's judgment that Mr. Lindsay was guilty of twelve counts of criminal contempt based on his alleged failure to make court ordered child support and health insurance reimbursement payments. Mr. Lindsay was sentenced to ten days in jail on each of the twelve counts. Mr. Lindsay appealed the finding of criminal contempt.

The primary issue on appeal centers around whether Mr. Lindsay was apprised properly by the Trial Court of his constitutional right to counsel. Both Tammy Hopkins Lindsay and the State of Tennessee now acknowledge on appeal that Mr. Linsday was not adequately advised of his right to counsel. According to the brief filed by the State of Tennessee and accepted by Ms. Lindsay as her position:

> In the absence of the required statement of the right to counsel from the court, any inquiry as to indigency, or sufficient evidence in the record to establish that there was a voluntary, knowing, and intelligent waiver of the right to counsel, the trial court's criminal contempt order cannot stand.

Since all parties to this appeal now are in agreement, as is this Court, that Mr. Lindsay was not advised properly of his constitutional right to counsel, the judgment of the Trial Court finding Mr. Lindsay guilty on twelve counts of criminal contempt is vacated in its entirety. We express no opinion as to whether Mr. Lindsay was guilty of criminal contempt.

The remaining issue is Mr. Lindsay's claim that the Trial Court erred in summarily rejecting his proposed Statement of the Evidence, but later accepting Mrs. Lindsay's Statement of the Evidence. Because both the accepted and rejected Statements of the Evidence pertain only to the Trial Court's finding of criminal contempt, and because we have vacated that finding, this issue is rendered moot.

Exercising our discretion, costs incurred on appeal are not assessed against any party.

_____
D. MICHAEL SWINEY, JUDGE

---

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."